NICHOLLS (DIX v.). See Case No. 3,926.

NICHOLLS (ELLIOTT v.). See Case No. 4,394.

---

## Case No. 10,226.

### NICHOLLS v. FEARSON et al.

[2 Cranch, C. C. 526.] 1

Circuit Court, District of Columbia. Dec. Term, 1824.

PRACTICE—SERVICE AS TO ONE DEFENDANT ONLY —ALIAS CAPIAS.

If the writ be against two defendants, and one only be taken, the cause is discontinued, unless an alias capias be issued against the defendant not taken, and continued by pluries, &c., until the trial term.

On the 21st of March, 1823, the plaintiff [William S. Nicholls] issued a capias ad respondendum against Samuel Fearson and Joseph Fearson, returnable on the 2d Monday of April, 1823, and which was returned "Cepi Joseph; non est Samuel." No alias capias was issued against Samuel. Joseph gave special bail, and pleaded the general issue; and now, at the trial term,

R. S. Coxe, for defendant, contended that the cause was discontinued by not continuing process against Samuel, the joint defendant named in the first capias.

J. Dunlop and Mr. Key, contra. The practice has not been uniform to issue a pluries. It has been generally done, as a matter of choice, but not of necessity. Perhaps an alias may be necessary; but if a pluries be not necessary, why should an alias?

THE COURT (nem. con.) decided that process of capias by alias, pluries, &c., must be continued against the absent defendant, until the trial term; and that, for the want of it in this case, the cause has been discontinued, and should be struck off the docket.

CRANCH, Chief Judge, and MORSELL, Circuit Judge, stated that they always understood the practice to be so in Maryland.

But Mr. Key having stated, that the precedents in Harris's Entries mention one non est only, and not being able to refer to the book now,

THE COURT said they would hear a motion to reinstate the cause, if Mr. Key should think he could support the motion.

No such motion was made, and the plaintiff brought a new suit, in which both defendants were taken. See McCandless v. McCord [Case No. 8,678], at March term, 1835.

[See Case No. 10,227.]

---

1 [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 10,227.

### NICHOLLS v. FEARSON et al.

[2 Cranch, C. C. 703.] 1

Circuit Court, District of Columbia. May Term, 1826.2

USURY—WHAT IS.

If a promissory note, indorsed by the defendants, without an understanding that they were not to be responsible upon their indorsement, be discounted by the plaintiff at a rate exceeding the lawful rate of interest for the time the note had to run, the transaction is usurious.

Assumpsit, against the indorsers of W. Stewart's note for $101, at sixty days.

The evidence was that the defendants, having received this note in a fair transaction, took it to the plaintiff's shop, with their own indorsement on it, and asked him what he would give them for it; the plaintiff replied $97, to which the defendants agreed, and received the money.

Mr. Coxe, for defendant, prayed the court to instruct the jury; and THE COURT (MORSELL, Circuit Judge, contra) did instruct them, that if they believed, from the said evidence, that the plaintiff received the said note from the defendants with their indorsement thereon, and without an understanding that they were not to be responsible upon their said indorsement, and that the plaintiff paid therefor only the sum of $97, the transaction was usurious, and the plaintiff was not entitled to recover.

MORSELL, Circuit Judge, thought the whole subject ought to have been left to the jury without instruction from the court.

Mr. Key, for plaintiff, then prayed two instructions which THE COURT (MORSELL, Circuit Judge, not sitting) refused to give, because the evidence did not warrant the statement of facts upon which the prayers were founded.

Reversed by the supreme court February, 1833, 7 Pet. [32 U. S.] 103.

[See case No. 226.]